UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUNTER,<br><br>             Plaintiff,<br><br>        v.<br><br>JERI SHEPHERD,<br><br>             Defendant. | Case No. CV 14-4452 R(JC)<br><br>ORDER (1) GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT AND DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND (2) DISMISSING ACTION WITH PREJUDICE<br><br>[DOCKET NOS. 85, 90, 92] |

## I.    BACKGROUND AND SUMMARY

On June 18, 2014, plaintiff Harold Hunter ("plaintiff"), who is currently in custody at the California Health Care Facility, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a verified Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") with attached exhibits against multiple employees at the California Men's Colony in San Luis Obispo, California ("CMC") where plaintiff was formerly housed, including defendant Jeri Shepherd, D.D.S. ("Shepherd" or "defendant").  (Docket No. 1 Attachments).  Plaintiff sued all defendants in their individual and official capacities, and sought declaratory and monetary relief.  On August 7, 2014, the

assigned Magistrate Judge, pursuant to 28 U.S.C. § 1915(e)(2)(B), screened the Original Complaint, notified plaintiff of multiple defects therein, and dismissed claims and defendants with leave to amend ("August Order").[1]  (Docket No. 60).

On August 25, 2014, plaintiff filed a verified First Amended Complaint with exhibits against defendant Shepherd in her individual capacity only, and sought declaratory and monetary relief.  (Docket No. 7).  On September 15, 2015, the assigned Magistrate Judge, pursuant to 28 U.S.C. § 1915(e)(2)(B), screened the First Amended Complaint, notified plaintiff of multiple defects therein, and dismissed the First Amended Complaint with leave to amend ("September Order").[2] (Docket No. 59).

On February 8, 2016, plaintiff filed the operative verified Second Amended Complaint ("SAC") which incorporated by reference the exhibits that were attached to the First Amended Complaint ("SAC Ex.").  (Docket No. 83).

On February 16, 2016, defendant Shepherd filed a Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss"), seeking dismissal of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of

///

---

[1]The Court has reviewed the August Order, agrees with and adopts the August Order, and finds that the Magistrate Judge properly dismissed the referenced claims and defendants with leave to amend for the reasons discussed therein.

[2]On February 22, 2016, this Court denied plaintiff's motion for review of the September Order and determined that the Magistrate Judge "properly found that Plaintiff did not plausibly allege that Defendant Shepherd caused any Eighth Amendment violation for the period between December 18, 2013 and December 27, 2013; that Plaintiff did not plausibly suggest that Defendant Shepherd responded to any risk with deliberate indifference; and Plaintiff's conclusory allegations that Defendant Shepherd's treatment was medically inadequate was insufficient to state a viable Section 1983 claim."  (Docket No. 87).  This Court reiterates that it agrees with and adopts the September Order, and finds that the Magistrate Judge properly dismissed the Second Amended Complaint with leave to amend for the reasons discussed therein.

1    Civil Procedure ("Rule 12(b)(6)").[3]  (Docket No. 85).  On March 14, 2016, plaintiff

2    filed an Opposition ("Opp.").  (Docket No. 88).  On March 21, 2016, defendant

3    filed a Reply.  (Docket No. 91).

4         Based upon the record and the applicable law, and for the reasons discussed

5    below, the Motion to Dismiss is granted, the Second Amended Complaint is

6    dismissed without leave to amend, and this action is dismissed with prejudice.

7    **II.   SECOND AMENDED COMPLAINT**

8         Liberally construed, the Second Amended Complaint alleges, in pertinent

9    part, the following:

10         On December 18, 2013, plaintiff broke his #31 jaw tooth which caused him

11    "instant pain."  (SAC ¶ 30).  Plaintiff immediately filed with CMC officials a

12    California Department of Corrections and Rehabilitation ("CDCR") Form 7362

13    "Health Care Services Request Form" ("Form 7362") in which plaintiff stated

14    "[o]ne of my jaw teeth has fallen apart and now it hurts" ("First Dental Request").

15    (SAC ¶ 31; SAC Ex. C1).  Over the following 17 days, while he was forced to

16    suffer in pain, plaintiff filed three more Form 7362 requests, as well as a CDCR

17    Form 602 HC "Patient/Inmate Health Care Appeal" seeking help for his painful

18    tooth.  (SAC ¶¶ 2, 31; SAC Exs. A-B).

19

20         [3]Defendant concurrently filed a Request for Judicial Notice, asking that the Court take
judicial notice of the exhibits attached to the First Amended Complaint.  (Docket No. 85
Attachment).  As plaintiff himself has incorporated such exhibits into the operative Second
Amended Complaint (SAC at 1 [caption]) and centrally relies thereon, and as the authenticity of
such exhibits is undisputed, the Court may consider such documents in assessing the Motion to
Dismiss, irrespective of defendant's request.  See Lee v. City of Los Angeles, 250 F.3d 668, 688
(9th Cir. 2001) (citation omitted) (in assessing Rule 12(b)(6) motion, court may consider
documents properly submitted with complaint without need to convert Rule 12(b)(6) motion into
motion for summary judgment), abrogated on other grounds as explained in Galbraith v. County
of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002); Marder v. Lopez, 450 F.3d 445, 448 (9th
Cir. 2006) (citations omitted) (even if document not physically attached to complaint, court may
still consider document in assessing Rule 12(b)(6) motion if complaint refers to document,
document is central to plaintiff's claim, and no party questions authenticity thereof).
Accordingly, defendant's Request for Judicial Notice is moot and is denied as such.

On December 27, 2013, defendant Shepherd conducted an annual dental cleaning and examination for plaintiff and took x-rays of plaintiff's teeth. (SAC ¶¶ 3-4, 32, 34). Dr. Shepherd had a copy of the First Dental Request which she signed and dated December 27, 2013. (SAC ¶ 32; SAC Ex. C1). In connection with the examination, plaintiff filled out a dental pain profile sheet in which plaintiff stated, among other things, that he had been in pain since December 18, 2013, that his "present level of pain" was a seven on a scale of one to ten, and that plaintiff's pain impacted his eating and sleeping. (SAC ¶ 33; SAC Ex. C2). Defendant Shepherd's examination notes for plaintiff indicated that plaintiff's #31 tooth needed to be extracted. (SAC ¶¶ 6, 35; SAC Exs. C3-C4). Defendant Shepherd's notes also stated that plaintiff complained "one of my jaw teeth has fallen apart now it hurts" and that his #31 tooth "is fractured," and stated "[plaintiff has] a pain profile of #7," and "*plaintiff has pain . . . need to control pain.*"[4] (SAC ¶ 35) (citing SAC Ex. C4) (emphasis added).

During the December 27, 2013 examination, defendant Shepherd gave plaintiff nothing for his "disabling pain" (*e.g.*, "no pain meds"), gave plaintiff "no medical treatment at all," just sent plaintiff away, and rescheduled plaintiff to have his #31 tooth extracted at a later date. (SAC ¶¶ 7-9, 16, 36-37; SAC Ex. C4-C5). Plaintiff "thought [defendant Shepherd] was going to pull [his] painful tooth." (SAC ¶¶ 5, 25, 34). Defendant Shepherd told plaintiff that she "[did] not have time to pull [his] tooth." (SAC ¶ 7). Since defendant Shepherd "had time to give

---

[4]Defendant asserts that the portion of her handwritten notes which plaintiff interprets in the italicized language above actually states, in pertinent part "pt. [patient] has pain med [medication] to control pain." (MTD at 3) (citing SAC Ex. C4). Plaintiff does not dispute that he already had some type of pain medication, but asserts that "whatever [he] had in [his] possession at that time was not working[.]" (Opp. at 4). For purposes of assessing the Motion to Dismiss (and as the Court may not at this juncture consider evidence from defendant regarding what defendant's notation actually conveys/was intended to convey), the Court accepts plaintiff's interpretation of the notation as true. In any event, under either interpretation, the outcome of this Court's determination on the Motion to Dismiss is not altered.

1    [plaintiff] an annual exam and clean [plaintiff's] teeth, then she had the time to pull

2    [plaintiff's] very painful tooth."  (SAC ¶¶ 19, 39).

3         Defendant Shepherd's "actions and inaction were medically inadequat[e]"

4    and the defendant "knew and did not care [about plaintiff's] pain or the risk to

5    [plaintiff's] health and safety."  (SAC ¶ 40).  When plaintiff saw defendant

6    Shepherd, he had "substantial pain," and when he was turned away, he had "the

7    same substantial pain."  (SAC ¶¶ 8, 43).  Plaintiff was made to suffer for eight

8    additional days due to the defendant's failure immediately to pull plaintiff's painful

9    tooth.  (SAC ¶¶ 5, 10, 19, 24, 25).

10        "Plaintiff's serious medical need could have resulted in further significant

11   injury such as being abscessed."  (SAC ¶ 44).  Plaintiff's condition "did result in the

12   continuation of unnecessary and wanton infliction of pain, that a reasonable doctor

13   would find worthy to treat [sic]."  (SAC ¶ 45).

14        The defendant's own notes reflect that defendant Shepherd "intentionally

15   sent [plaintiff] away with the unnecessary continuation of a significant amount of

16   pain and anguish which amounted to the unnecessary and wanton infliction of

17   pain[,]" and which significantly affected plaintiff's activities of daily living,

18   including eating and sleeping.  (SAC ¶¶ 26, 27).

19        On January 3, 2014, in the presence of plaintiff's cell mate, plaintiff's #31

20   tooth broke in half and plaintiff pulled out a large piece of the tooth.  (SAC ¶ 38;

21   SAC Ex. D at 2).

22        The Second Amended Complaint essentially alleges, based on the foregoing,

23   that defendant Shepherd violated the Eighth Amendment because she "intentionally

24   deprived [plaintiff] of medical care to alleviate [his] disabling pain on [December

25   27, 2013]."  (SAC ¶¶ 11, 16, 23-24).

26   **III.   DISCUSSION**

27        Defendant contends that the Second Amended Complaint should be

28   dismissed pursuant to Rule 12(b)(6) essentially because plaintiff has again failed to

1  state a viable Eighth Amendment claim for deliberate indifference to serious

2  medical needs.  (MTD at 5-9).  For the reasons discussed below, this Court agrees.

3  **A.    Governing Legal Standards**

4  **1.    Rule 12(b)(6) Motions**

5  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a

6  claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 12(b)(6) is read

7  in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8").

8  Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, a

9  complaint must contain a "short and plain statement of the claim showing that the

10  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require

11  detailed factual allegations, at a minimum a complaint must allege enough specific

12  facts to provide "fair notice" of *both* the particular claim being asserted *and* "the

13  grounds upon which [that claim] rests."[5] Bell Atlantic Corp. v. Twombly, 550 U.S.

14  544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v.

15  Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an

16  unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).

17  To survive a Rule 12(b)(6) motion to dismiss, a civil rights complaint must

18  "contain sufficient factual matter, accepted as true, to state a claim to relief that is

19  plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)

20  (citations and quotation marks omitted).  A claim is "plausible" when the facts

21  alleged in the complaint would support a reasonable inference that the plaintiff is

22  entitled to relief from the defendant for specific misconduct. Iqbal, 556 U.S. at 678

23  (citation omitted).  Allegations that are "merely consistent with" a defendant's

24  liability, or reflect only "the mere possibility of misconduct" do not "*show[]* that

25  the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are

26  _____

27  [5]The Court has not, as plaintiff suggests (Opp. at ¶¶ 20, 22), placed any limit on the
   specific number of pages that may comprise a complaint – nor do the Federal Rules of Civil

28  Procedure or the Local Rules.

insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted). At the motion to dismiss stage,"well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted). In addition, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted).

Pro se complaints in civil rights cases are interpreted liberally to give plaintiffs "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a complaint is dismissed for failure to state a claim, the court must "freely" grant leave to amend unless the plaintiff could not possibly correct errors in the complaint by alleging "other facts." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citation and quotation marks omitted). Courts have discretion to deny leave to amend where there is "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, 637 F.3d at 1058 (citations omitted). A court's discretion to deny leave is "particularly broad" when a plaintiff "has previously amended the complaint." Id. (citation and quotation marks omitted).

## 2.    Section 1983 Claims

To state a viable claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, inter alia, Monell v. Department of Social Services of the City of

1   New York, 436 U.S. 658, 691 (1978)).  Hence, a government official – whether

2   subordinate or supervisor – may be held liable under Section 1983 only when his or

3   her own actions have caused a constitutional deprivation.  OSU Student Alliance v.

4   Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70

5   (2013).

6        An individual government defendant "causes" a constitutional deprivation

7   when the defendant (1) "does an affirmative act, participates in another's

8   affirmative acts, or omits to perform an act which [the defendant] is legally required

9   to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others

10  which the [defendant] knows or reasonably should know would cause others to

11  inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.

12  1978) (citations omitted).

13              **3.    Eighth Amendment – Deliberate Indifference to Serious**

14                      **Medical Needs**

15       Prison officials violate the Eighth Amendment when they respond with

16  deliberate indifference to an inmate's serious medical needs.  Estelle v. Gamble,

17  429 U.S. 97, 103-05 (1976) (citations and footnotes omitted).  An inmate's medical

18  need is sufficiently "serious" if, objectively, the failure to treat it "will result in

19  significant injury or the unnecessary and wanton infliction of pain."  Peralta v.

20  Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal

21  quotation marks omitted), cert. denied, 135 S. Ct. 946 (2015).  A prison official acts

22  with deliberate indifference when he or she is subjectively aware of, but

23  *purposefully* ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*,

24  a serious medical need).  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014)

25  (citations omitted).  A defendant's alleged indifference must be substantial.  See

26  Estelle, 429 U.S. at 105-06; Lemire v. California Department of Corrections and

27  Rehabilitation, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted).  A

28  prison doctor's mistake, negligence, or malpractice does not establish deliberate

1   indifference to serious medical needs.  <u>Estelle</u>, 429 U.S. at 105-06.  "[T]he official

2   must both be aware of facts from which the inference could be drawn that a

3   substantial risk of serious harm exists, and he must also draw the inference."

4   <u>Colwell</u>, 763 F.3d at 1066 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994))

5   (quotation marks omitted).

6        A prisoner need not prove that he or she was completely denied medical care.

7   <u>Lopez v. Smith</u>, 203 F.3d at 1132.  Rather, deliberate indifference may be

8   "manifested by prison doctors in their response to the prisoner's needs or by prison

9   guards in intentionally denying or delaying access to medical care or intentionally

10  interfering with the treatment once prescribed."  <u>Estelle</u>, 429 U.S. at 104-05

11  (footnotes omitted).  Mere disagreement with a defendant's professional judgment

12  concerning what medical care is most appropriate under the circumstances,

13  however, is insufficient to show deliberate indifference.  <u>Hamby v. Hammond</u>, 821

14  F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).  Hence, the medical care a

15  defendant provided to an inmate amounts to deliberate indifference only if the

16  doctor chose a course of treatment that "was medically unacceptable under the

17  circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's

18  health."  <u>Colwell</u>, 763 F.3d at 1068 (citations and internal quotation marks omitted).

19       **B.    The Second Amended Complaint Fails to State a Viable Section**

20               **1983 Claim**

21       Here, the Second Amended Complaint, like its predecessor, fails adequately

22  to state a Section 1983 claim for deliberate indifference under the Eighth

23  Amendment.

24       First, plaintiff does not plausibly allege that defendant Shepherd caused any

25  Eighth Amendment violation for the period between December 18, 2013 (when

26  plaintiff filed the First Dental Request) and December 27, 2013 (when defendant

27  Shepherd examined plaintiff).  Allegations that defendant Shepherd had signed the

28  First Dental Request on December 27, 2013, and had a copy of the request with her

1   when she examined plaintiff do not plausibly suggest that defendant Shepherd – as

2   opposed to other medical personnel who apparently initially processed plaintiff's

3   First Dental Request (see SAC Ex. C1) – had any knowledge of plaintiff's condition

4   before her examination of plaintiff.

5       Second, assuming plaintiff's broken tooth at the December 27, 2013

6   examination was objectively sufficiently serious, and defendant Shepherd was

7   aware that such dental need posed a substantial risk of serious harm to plaintiff, the

8   non-conclusory allegations in the Second Amended Complaint still do not plausibly

9   suggest that defendant Shepherd responded to that risk with deliberate indifference.

10  For example, it is unclear from plaintiff's factual allegations whether any failure by

11  defendant Shepherd to address plaintiff's pain immediately (e.g., by prescribing

12  plaintiff pain medication pending his tooth extraction) was intentional (which could

13  support a Section 1983 claim of deliberate indifference) or simply due to

14  inadvertence, negligence, or a reasonable (even if mistaken) belief that plaintiff

15  already had pain medication in his possession (which would not). See, e.g., Smith

16  v. Suiter, 579 Fed. Appx. 608, 608 (9th Cir. 2014) ("mistakes, negligence, or

17  malpractice by medical professionals are not sufficient to constitute deliberate

18  indifference. . .") (citing Toguchi v. Chung, 391 F.3d 1051, 1056-60 (9th Cir.

19  2004)); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a

20  constitutional violation merely because the victim is a prisoner."). Since the Second

21  Amended Complaint alleges conduct which is merely "consistent with" defendant

22  Shepherd's liability, it fails adequately to *show* that plaintiff is entitled to relief

23  under Section 1983. See Iqbal, 556 U.S. at 678-79 (citations and quotation marks

24  omitted).

25      Finally, plaintiff's conclusory allegations that defendant Shepherd's

26  treatment was "medically inadequate" and that the defendant should have extracted

27  plaintiff's tooth rather than conduct an "annual exam and clean[ing]" (SAC ¶¶ 5,

28  19, 25, 34, 39, 40) are insufficient to state a viable Section 1983 claim. Here, the

1  Second Amended Complaint does not allege *facts* which plausibly suggest that the

2  course of treatment defendant Shepherd chose "was medically unacceptable under

3  the circumstances" much less that Shepherd chose such treatment "in conscious

4  disregard of an excessive risk to plaintiff's health." Colwell, 763 F.3d at 1068

5  (citations and internal quotation marks omitted).  Plaintiff's mere disagreement with

6  the treatment he received is insufficient to establish deliberate indifference.  See

7  Hamby, 821 F.3d at 1092 (citation omitted); c.f., e.g., Tierney v. Unknown Dentist,

8  596 Fed. Appx. 576, 577 (9th Cir. 2015) (Section 1983 plaintiff failed to state an

9  Eighth Amendment claim for deliberate indifference because complaint did not

10 allege that the prison's offer of tooth extraction "was medically unacceptable under

11 the circumstances").

12     Consequently, plaintiff fails adequately to state an Eighth Amendment

13 deliberate indifference claim against defendant Shepherd.  Accordingly, dismissal

14 of the Second Amended Complaint is appropriate.

15     **C.   Dismissal of the Second Amended Complaint without Leave to**

16          **Amend Is Appropriate**

17     Plaintiff has been afforded multiple opportunities to correct his pleading

18 deficiencies, yet he has proven unable or unwilling to do so.  Indeed, the Second

19 Amended Complaint is substantively virtually the same as the First Amended

20 Complaint.  Since plaintiff has failed to state a viable claim against the defendant

21 based on essentially the same factual allegations alleged in three separate versions

22 of a complaint, permitting any further amendment would be futile.  Accordingly,

23 dismissal of the Second Amended Complaint without leave to amend is appropriate.

24 See, e.g., Williams v. California, 764 F.3d 1002, 1018-19 (9th Cir. 2014) (affirming

25 dismissal of amended complaint without leave to amend based on futility where,

26 despite having received "two chances to articulate clear and lucid theories

27 underlying their claims" the plaintiffs merely repeated allegations previously found

28 deficient) (footnote omitted);  In re VeriFone Securities Litigation, 11 F.3d 865, 872

1   (9th Cir. 1993) (no abuse of discretion where district court dismissed action "with
2   prejudice," in part, because plaintiffs "[had failed to] point to facts which might be
3   added to save their complaint"); Serpa v. SBC Telecommunications, Inc., 2004 WL
4   2002444, *4 (N.D. Cal. Sep. 7, 2004) (citations omitted) (where previous attempts
5   to amend have failed to cure a deficiency and it is clear that proposed amendment
6   does not correct defect, court has discretion to deny motion for leave to amend)
7   (citing Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992), cert.
8   denied, 509 U.S. 903 (1993)).

9   **IV.   ORDERS**

10         IT THEREFORE ORDERED:  (1) the Motion to Dismiss is granted and the
11   Second Amended Complaint is dismissed without leave to amend based upon
12   plaintiff's failure to state a claim and because the Court finds that granting further
13   leave to amend would be futile; (2) plaintiff's other pending motions – for legal
14   representation and to move this case into discovery – are denied; (3) this action is
15   dismissed with prejudice; and (4) Judgment is to be entered accordingly.

16   DATED: September 13, 2016

17
18   _____
19   HONORABLE MANUEL L. REAL
20   UNITED STATES DISTRICT JUDGE
21
22
23
24
25
26
27
28